IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Charles Tingler,**

        **Plaintiff,**

  v.                                  Civil Action 2:25-cv-00206
                                        Judge Edmund A. Sargus
**Governor Mike DeWine, et al.,**      Magistrate Judge Kimberly A. Jolson

        **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* and the initial screen of Plaintiff's Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. *See* 28 U.S.C. § 1915(a). The Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-2) be **DISMISSED in part**.

**I.    STANDARD**

Because Plaintiff proceeds *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). Nonetheless, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and providing "the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1), (2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring a complaint to provide

enough facts to give the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests" (internal quotation omitted)). At this stage, the Court must construe Plaintiff's Complaint in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (saying a claim has facial plausibility when the plaintiff pleads sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

**II.     DISCUSSION**

Plaintiff brings this action against Ohio Governor Mike DeWine; and Ohio state representatives Scott Wiggam and Thomas Hall; and Ohio state senators Nickie J. Antonio, Jerry C. Cirino, Hearcel F. Craig, Al Landis, Nathan H. Manning, Bill Reineke, and Kent Smith (collectively "State Congressional Defendants"). (Doc. 1-2 at 1–2).

**A.     Screen of Complaint**

In his Complaint, Plaintiff says he seeks a declaratory judgment that,

> [T]he newly enacted provisions of Ohio Revised Code § 2323.52, as amended by House Bill 265 (effective April 9, 2025), are unconstitutional under the First, Fifth, and Fourteenth Amendments to the United States Constitution. Additionally, Plaintiff asserts that House Bill 265 violates Article II, Section 28 of the Ohio Constitution, which explicitly prohibits the General Assembly from enacting retroactive laws.

(*Id.* at 2; *see id.* at 4 (also seeking a declaration that the bill "violates Article 1, Section 9 of the U.S. Constitution")). Plaintiff further "seeks a preliminary and permanent injunction barring Defendants from enforcing the unconstitutional provisions of House Bill 265." (*Id.*). Having performed an initial screen, the Undersigned concludes that Plaintiff may proceed with this action against Governor Mike DeWine. But his claims against the State Congressional Defendants should be dismissed.

2

Though he does not state as much in his Complaint, it is obvious that Plaintiff seeks to sue the State Congressional Defendants for their role in sponsoring and passing House Bill 265.[1] (*See* Doc. 1-2). State legislators are "entitled to absolute immunity from liability for actions taken in their legislative capacity." *Haskell v. Washington Twp.*, 864 F.2d 1266, 1277 (6th Cir. 1988); *Pratt Land & Dev., LLC v. City of Chattanooga*, No. 1:19-CV-010, 2020 WL 5240750 (E.D. Tenn. Sept. 2, 2020) ("Legislative immunity applies if an act is both legislative in form and legislative in substance."); *see also Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998) ("We have held that state and regional legislators are entitled to absolute immunity from liability under § 1983 for their legislative activities."). This includes immunity "from lawsuits which attempt to impose any form of liability, including claims for declaratory relief, damages, or retrospective or prospective injunctive relief." *Rayner v. City of Louisville Metro*, No. CIV.A 3:09-CV-P488-M, 2010 WL 881736, at *4 (W.D. Ky. Mar. 5, 2010) (citations omitted). Because Plaintiff's Complaint makes no allegation that the State Congressional Defendants were acting outside of their legislative capacities when they sponsored and passed House Bill 265, they are entitled to legislative immunity. Accordingly, the Undersigned **RECOMMENDS** that Defendants Wiggam, Hall, Antonio, Cirino, Craig, Landis, Manning, Reineke, and Smith be **DISMISSED** from this action.

**B.     Service**

Because part of this case is proceeding against Governor Mike DeWine, Plaintiff is **ORDERED** to complete and submit a summons form and a U.S. Marshal Form 285 for Defendant

---

[1] *See* https://www.legislature.ohio.gov/legislation/135/hb265 (listing Scott Wiggam and Thomas Hall as the primary sponsors of the bill and Nickie J. Antonio, Jerry C. Cirino, Hearcel F. Craig, Al Landis, Nathan H. Manning, Bill Reineke, and Kent Smith as cosponsors). The Court may take judicial notice of information on government websites. *Oak Ridge Env't Peace All. v. Perry*, 412 F.Supp.3d 786, 810 n.6 (E.D. Tenn. Sept. 24, 2019).

3

DeWine, along with a service copy of the Complaint, **within the next fourteen (14) days**. These forms can be found on the Court's website or obtained from the Clerk's office.

Plaintiff should also read the Southern District of Ohio's Guide for *Pro Se* Civil Litigants found at https://www.ohsd.uscourts.gov/pro-se-handbook. Plaintiff should pay particular attention to the information contained on pages 9–11 and 30–36 about service of process and service forms.

### III.   CONCLUSION

For the foregoing reasons, the Undersigned **GRANTS** Plaintiff's Motion to Proceed *in forma pauperis*. (Doc. 1). The Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-2) be **DISMISSED in part**. Additionally, Plaintiff is **ORDERED** to submit the service paperwork described above **within the next fourteen (14) days**.

IT IS SO ORDERED.

Date: March 13, 2025                                       s/ Kimberly A. Jolson
                                                          KIMBERLY A. JOLSON
                                                          UNITED STATES MAGISTRATE JUDGE

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).