## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Charles Tingler, | : | |
| | : | |
| *Plaintiff*, | : | **CASE NO. 2:25-cv-00206** |
| | : | |
| v. | : | **Judge Edmund A. Sargus** |
| | : | **Magistrate Judge Kimberly A. Jolson** |
| Governor Mike DeWine, et al., | : | |
| | : | |
| *Defendant.* | : | |

## DEFENDANT GOVERNOR MIKE DEWINE'S MOTION TO DISMISS AND OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Defendant Ohio Governor Mike DeWine submits this opposition to Plaintiff's motion for preliminary injunction, and, pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss the claims against him for failure to state a claim upon which relief can be granted. A memorandum in support is attached.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

/s/ Heather L. Buchanan
HEATHER L. BUCHANAN (0083032)*
  *Counsel of Record
MARK D. TUCKER (0036855)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: (614) 466-2872; Fax: (614) 728-7592
Heather.Buchanan@OhioAGO.gov
Mark.Tucker@OhioAGO.gov

*Counsel for Defendant Ohio Governor Mike DeWine*

## MEMORANDUM IN SUPPORT

### I.    INTRODUCTION

Plaintiff Charles Tingler challenges the constitutionality of a recent amendment to Ohio Rev. Code § 2323.52 ("Vexatious Litigator statute") via a purported 42 U.S.C. § 1983 claim against Governor DeWine. This Court is one of the few remaining courts in Ohio, state or federal, where he has not yet been declared a vexatious litigator. Indeed, Plaintiff has already been denied leave to challenge the Vexatious Litigator statute in one state court.[1] Under the amended Vexatious Litigator statute a person who has been declared a vexatious litigator may not request public records from a public office without first obtaining leave to proceed from a court of common pleas and an order specifying what records the vexatious litigator may request.  Ohio Rev. Code § 2323.52(J)(1).[2] If a public office or person responsible for public records receives an anonymous records request from a person who they reasonably suspect is a vexation litigator, that office or person may require an acceptable form of identification prior to responding to the request. Ohio Rev. Code § 2323.52(J)(2).

Seeking declaratory and injunctive relief, Plaintiff's challenge is apparently based on several general legal theories: violation of his First Amendment right to petition; violation of the Fourteenth Amendment Due Process and Equal Protection Clauses; violation of Article I, Section

---

[1] *State ex rel. Tingler v. DeWine*, No. 25AP-230 (10th Dist. March 18, 2025) (holding that Plaintiff "fail[ed] to establish that the proposed complaint in mandamus is not an abuse of process"). Plaintiff filed his state court action on March 3, 2025, one day before he moved for leave to proceed in forma pauperis in this case.

[2] Ohio Rev. Code § 2323.52 was amended through Am.H.B. 265, 135th G.A., and effective April 9, 2025.

9's Ex Post Facto Clause;[3] and violation of the Ohio Constitution's Retroactivity Clause, Article II, § 28. Compl. at 3, EFC No. 2 at PageID 37. But Plaintiff does not allege any facts to support these theories. Plaintiff has not asserted any specific conduct by Governor DeWine, past, present of future, beyond merely signing a bill into law. It is impossible for Governor DeWine to meaningfully defend a 42 U.S.C. § 1983 claim when he has not been put on notice of how his conduct is allegedly problematic. Plaintiff does nothing more than list the constitutional provisions that he claims the statute violates. As to his request for preliminary injunctive relief, Plaintiff does nothing more than list the factors the Court must consider.

Plaintiff's Complaint does not come close to meeting the facial plausibility standard to survive a motion to dismiss. Plaintiff's request for preliminary injunctive relief should be denied and his Complaint dismissed.

## II.     BACKGROUND

Ohio's Vexatious Litigator statute "allows a party that has repeatedly encountered vexatious conduct to have the offending person declared a 'vexatious litigator.'" *City of Madeira v. Oppenheimer*, 2021-Ohio-2958, ¶ 5 (1st Dist.). If a court finds a person to be a vexatious litigator, it may enter an order prohibiting the person from the following: (1) instituting legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court; (2) continuing a proceeding the person had instituted before the order; or (3) make any application, other than an application for leave to proceed in any of those courts or a court of appeals. Ohio Rev. Code § 2323.52(D)(1)(a) – (c), (D)(3) & (F)(1) – (2).[4]

---

[3] Tingler erroneously cites to Article 1, § 9 of the U.S. Constitution. That section, however, imposes a prohibition on Congress from passing *ex post facto* laws. Article I, § 10, however, places a similar restriction on states: "No State shall . . . pass any . . . ex post facto law . . . ."

[4] As a basic constitutional issue Governor DeWine does not control, direct, or have supervision over Ohio judicial decisions. "While Ohio, unlike other jurisdictions, does not have a constitutional

Effective April 9, 2025, Ohio Rev. Code § 2323.52 was amended to add Division (J), which provides:

> (J)(1) A person who is subject to an order entered pursuant to division (D)(1) of this section shall not be permitted to request public records from a public office or person responsible for public records without first receiving both leave to proceed from the court of common pleas as described in this section and an accompanying order from the court that specifies with particularity what public records the person may request from the public office or person responsible for public records. Until the requirements set forth in this division are satisfied and evidence of satisfaction is presented to the public office or person responsible for public records, the public office or person responsible for public records is under no duty to respond to a public records request submitted by a person who is subject to an order entered pursuant to division (D)(1) of this section.

> (2) Pursuant to division (B)(4) of section 149.43 of the Revised Code, if a public office or person responsible for public records receives an anonymous public records request and knows or has reasonable cause to believe that a person who is a vexatious litigator has submitted a public records request, or if, based upon the requestor's listed name, the public office or person responsible for public records knows or has reasonable cause to believe that a person who is a vexatious litigator has submitted a public records request, the public office or person responsible for public records may require that the person present an acceptable form of identification prior to responding to the public records request.

Ohio Rev. Code § 2323.52(J)(1)-(2).

The amendment recognizes that many vexatious lawsuits have their origins in frivolous or harassing requests for public records pursuant to Ohio's Public Records Act, Ohio Rev. Code § 149.43. *See, e.g, State ex rel. Tingler v. Winters,* 2023-Ohio-2791, ¶ 4 (denying leave for Plaintiff to file a mandamus action seeking the production of grand jury transcripts and audio recordings); *State ex rel. Ware v. Vigluicci*, 2024-Ohio-5492 (declaring relator a vexatious litigator pursuant to S.Ct.Prac.R. 4.03(B) for his frivolous conduct in a mandamus action seeking the production of

---

provision specifying the concept of separation of powers, this doctrine is implicitly embedded in the entire framework of those sections of the Ohio Constitution that define the substance and scope of powers granted to the three branches of state government." *City of S. Euclid v. Jemison*, 28 Ohio St.3d 157, 158-159 (1986).

public records); *Ferrero v. Statts*, 2018-Ohio-3235 (5th Dist.) (affirming declaration that appellant was a vexatious litigator for, *inter alia,* making numerous public records requests); *Heck v. Atakpu*, 2024-Ohio-2733 (2d Dist.) (affirming declaration that appellant was a vexatious litigator for, *inter alia*, making numerous unfounded public records requests).

Plaintiff himself has a long history of filing frivolous and harassing lawsuits in Ohio state and federal courts, and, as a result, he was declared a vexatious litigator by an Ohio court of common pleas pursuant to Ohio Rev. Code § 2323.52. *See* Ex. to Compl., EFC No. 2 at PageID 39; Ottawa *County Prosecuting Attorney v. Tingler,* No. 2022-CV-0282 (Erie C.P. Sep. 13, 2022), *aff'd*, 2023-Ohio-2793 (6th Dist.). Plaintiff has also independently been declared a vexatious litigator pursuant to Ohio S.Ct.R.Prac. 4.03(B), prohibiting him from continuing or instituting legal proceedings in the Ohio Supreme Court without first obtaining leave. *State ex rel. Tingler v. Franklin County Prosecutor's Office*, 2023-Ohio-640. Similarly, the United States District Court for the Northern District of Ohio has enjoined Plaintiff from "proceeding *In Forma Pauperis* in any future action in [that] Court . . . ," *Tingler v. Maike,* 2023 U.S. Dist. LEXIS 122817 at \*8 (N.D.Ohio July 17, 2023). This Court has itself repeatedly warned Plaintiff against filing frivolous, harassing, or duplicative lawsuits. *See Tingler v. Ohio General Assembly*, 2024 U.S. Dist. LEXIS 48271 at \*4 (S.D.Ohio March 19, 2024) ("Plaintiff is CAUTIONED that if he continues to file frivolous lawsuits, this Court may declare him a vexatious litigator."); *Tingler v. Caligiuri,* 2024 U.S. Dist. LEXIS 22313 at \*6 (S.D.Ohio Feb. 8, 2024) ("Finally, the Undersigned cautions Plaintiff that this Court can, in its inherent power, revoke or deny his privilege of proceeding *in forma pauperis* or impose other restrictions if he files 'frivolous, harassing or duplicative lawsuits.'"); *Tingler v. Kennedy*, 2023 U.S. Dist. LEXIS 150960 at \*6-7 (S.D.Ohio Aug. 25, 2023)

(rejecting Plaintiff's application to proceed *in forma pauperis* on his complaint that the Ohio Supreme Court's order declaring him a vexatious litigator was unconstitutional).[5]

Plaintiff challenges the Vexatious Litigator statute under several provisions of the United States and Ohio Constitutions. Because the Vexatious Litigator statute has been repeatedly upheld against most of these very challenges, and his additional challenges fail as a matter of law, his Complaint fails to state a claim upon which relief can be granted, and this case should be dismissed.

## III. LAW AND ARGUMENT

### A. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

#### 1. Standard of review.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must allege sufficient facts that, accepted as true, 'state a claim to relief that is plausible on its face.'" *Strayhorn v. Wyeth Pharmaceuticals, Inc.*, 737 F.3d 378, 387 (6th Cir. 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court construes the facts in the light most favorable to the nonmoving party and accepts as true "all well-pled factual allegations." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). However, the court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations

---

[5] Plaintiff also has a long history of criminal conduct directed toward public officials and public facilities. *See, e.g., State v. Tingler*, Ottawa Cty. C.P. No. 2014-CR-0042 (jury verdict of guilty of inducing panic, disrupting public services, and aggravated menacing); *State v. Tingler*, Ottawa Cty. C.P. No. 2014-CR-00044 (charge of inducing panic bound over to grand jury); *State v. Tingler*, Ottawa Cty. C.P. No. 2019-CR-I 252A (guilty plea to three counts of telecommunications harassment); *State v. Tingler*, Ottawa Cty. C.P. No. 2021-CR-I 092A (guilty plea to one count of retaliation against a public servant, party official, or attorney or witness involved in a civil or criminal action).

or legal conclusions masquerading as factual allegations will not suffice." *Id.* (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010)). This is because "the pleading standard [that] Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal* at 678. The complaint must "'contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.'" *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) (quoting *D'Ambrosio* at 383).

Plaintiff's Complaint fits squarely in the "conclusory allegations and legal conclusions" categories. Indeed, he does little more than copy and paste legal citations. His Complaint should be dismissed.

### 2. Ohio Rev. Code § 2323.52(J) does not violate the First Amendment.

The constitutionality of Ohio's Vexatious Litigator statute was conclusively decided in *Grundstein v. Ohio*, 2006 U.S. Dist. LEXIS 87880 (N.D.Ohio Dec. 5, 2006). In rejecting the First Amendment challenge that Tingler makes here, the court noted "that the right to petition for a redress of grievance is a liberty interest safeguarded by the First Amendment rights of freedom of speech and freedom of the press." *Grundstein*, 2006 U.S. Dist. LEXIS 87880 at *9 (citation omitted). "Although the right to prosecute a meritorious action is encompassed in this liberty interest, the same is not true of suits based on insubstantial claims, or suits that lack a 'reasonable basis' in law or fact, which are not within the scope of First Amendment protection." *Id.* at *10 (citation omitted). Because "'sham litigation' by definition does not involve a bona fide grievance, it does not come within the First Amendment right to petition the government," and "can be regulated by the states." *Id.* (citations omitted). The *Grunstein* court unequivocally held that "Ohio's vexatious litigant statute, which restricts filers of harassing and frivolous litigation, does not violate the First Amendment." *Id.* at *11. The court further noted that "[e]ven after a person

6

has been declared to be a vexatious litigator, the statute does not preclude that person from filing subsequent lawsuits so long as those suits have merit." *Id.* (citation omitted).

The United States Court of Appeals for the Sixth Circuit adopted the reasoning of *Grundstein* court in its own decision rejecting a First Amendment challenge to Ohio Rev. Code § 2323.52. *See Hall v. Callahan*, 727 F.3d 450, 456-57 (6th Cir. 2013) (citation omitted).[6] The court explained that "constitutionally protected speech is not banned by the [Vexatious Litigator] Statute because it does not prevent vexatious litigators from filing future lawsuits as long as those lawsuits have merit." *Id*.

The amendment to the Vexatious Litigator statute does not change the reasoning of the *Grundstein* and *Hall* courts. The amendment merely imposes a requirement that individuals who have been declared vexatious seek leave prior to making a request for public records. As with filing new lawsuits, the statute does not prevent vexatious litigators from seeking public records but merely "establishes a screening mechanism under which the vexatious litigator" can seek leave of a court, "on a case-by-case basis," for a determination that a request for public records is not "abusive or groundless." *Mayer*, 91 Ohio St.3d at 14. Harassing, abusive, groundless, or frivolous conduct, including requests for public records that can be characterized as such, is not within the protection of the First Amendment's free speech or right to petition guarantees. *Grundstein,* 2006

---

[6] In *Easterling v. Ohio,* 2013 U.S. Dist. LEXIS 116364 (S.D.Ohio Aug. 16, 2013), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 126124 (S.D.Ohio Sep. 14, 2013), this Court concluded that the Sixth Circuit's decision in *Hall* was, as a matter of law, dispositive on the challenges to Ohio's vexatious litigator statute addressed therein. The Court in *Easterling* dismissed those claims, as well as the plaintiff's other challenges to R.C. 2323.52, pursuant to Fed. R. Civ. P. 12(b)(6). *See also Tingler v. Chief Justice Sharon Kennedy,* 2023 U.S. Dist. LEXIS 150960 (S.D.Ohio Aug. 25, 2023) (In rejecting Tingler's First Amendment, due process, and equal protection challenges to R.C. 2323.52, the Court stated that "[i]t is well settled that one's Constitutional rights are not violated by being declared a vexatious litigator . . . .), *report and recommendation adopted*, 2023 U.S. Dist. LEXIS 183957 (S.D.Ohio Oct. 12, 2023).

U.S. Dist. LEXIS 87880 at *9-12. Simply put, "vexatious conduct is not protected by the First Amendment," *Hall,* 727 F.3d at 456, and accordingly, R.C. 2323.52(J) does not, as a matter of law, violate the First Amendment's Right to Petition.

### 3. Ohio Rev. Code § 2323.52(J) does not violate the Fourteenth Amendment's Due Process or Equal Protections Clauses.

The *Grundstein* court also held that Ohio's Vexatious Litigator statute survived due process and equal protection challenges. As to due process, the court concluded that because "filing frivolous and harassing lawsuits is not implicit in the concept of ordered liberty," the statute "does not deprive individuals of a constitutionally protected right." *Grundstein,* 2006 U.S. Dist. LEXIS 87880 at *17 (citation omitted). The court held that (1) the state has "a legitimate, indeed compelling interest in curbing the illegitimate activities of vexatious litigators," (2) the statute is "rationally related to [that] legitimate end[ ]," and (3) the statute "is narrowly tailored to address only the conduct which it seeks to prohibit by providing for a pre-declaration hearing and a mechanism by which even vexatious litigants can file meritorious actions." *Id.* at *17-18 (internal quotation marks and citation omitted). As to the equal protection challenge to Ohio Rev. Code § 2323.52, the court noted that "[p]*ro se* litigants are not a suspect class and there is no fundamental right under the constitution to file frivolous lawsuits." Consequently, the court employed a "rational basis" level of scrutiny in holding that the statute "bears a rational relationship to a legitimate state interest" and "reject[ed] the plaintiff's equal protection argument." *Id.* at *20-21.[7]

In *Hall* the Sixth Circuit echoed the *Grundstein* court's holding and concluded that the statute violated neither due process nor equal protection rights. *Hall,* 727 F.3d at 456-57. Moreover, this Court has itself concluded that the vexatious litigator statute "does not violate the

---

[7] "The analysis for equal protection rationality is the same as the analysis under substantive due process review." *Grunstein,* 2006 U.S. Dist. LEXIS 87880 at *20-21 (citations omitted).

Due Process Clause or the Equal Protection Clause." *Helfrich v. Ohio,* 2016 U.S. Dist. LEXIS 23817 at *6 (S.D.Ohio Feb. 16, 2016), citing *Hall*, 727 F.3d at 457. *See also Bozsik v. Kasich*, 2014 U.S. Dist. LEXIS 133916 at *17-19 (N.D.Ohio Sep. 12, 2014) (rejecting due process and equal protection challenges to R.C. 2323.52); *Mayer*, 91 Ohio St.3d at 13-14 (upholding R.C. 2323.52 against the Ohio Constitution's "access-to-courts" and due process provisions); *Easterling v. Union Savings Bank*, 2013-Ohio-1068, ¶ 9 (2d Dist.) ("The vexatious-litigator statute does not violate due process.  Nor does it violate equal protection."); *State ex rel. Libosa v. Fuerst*, 2012-Ohio-3913, ¶ 1 (same).

As with Plaintiff's First Amendment challenge, the amendment to the Vexatious Litigator statute does not change the reasoning or outcome of the due process or equal protection challenges. The amended statute does not prevent vexatious litigators from requesting public records; it merely imposes a requirement that they seek leave prior to making a request for public records. Preventing harassing, abusive, groundless, or frivolous conduct is a legitimate state interest, and the established mechanism of seeking court leave is both rationally related to that interest and narrowly tailored to address only such conduct. *Grundstein,* 2006 U.S. Dist. LEXIS 87880 at *17-18. Accordingly, the amendment to the Vexatious Litigator statute does not violate the Fourteenth Amendment's Due Process or Equal Protection Clauses

### 4. Ohio Rev. Code § 2323.52(J) does not violate the *Ex Post Facto* Clause of the United States Constitution.

Plaintiff's claim that the amendment to the Vexatious Litigator statute violates the *Ex Post Facto* Clause of the United States Constitution also fails as a matter of law. "The Double Jeopardy and Ex Post Facto Clauses do not apply because the vexatious litigant statute does not impose criminal penalties." *Wolfe v. George*, 486 F.3d 1120, 1127 (9th Cir. 2007), citing *California Dept. of Corrections v. Morales*, 514 U.S. 499, 505 (1995) (holding that the Ex Post Facto Clause applies

only to criminal penalties); *see also Pierce v. Cantil-Sakauye*, 2013 U.S. Dist. LEXIS 114406 at *20 (N.D.Cal. Aug. 13, 2013) (rejecting facial *ex post facto* challenge to vexatious litigant statute because the statute does not impose criminal penalties), *aff'd*, 628 Fed.Appx. 548 (9th Cir. 2016).

The amendment to the Vexatious Litigator statute does not impose criminal penalties against Plaintiff or any other vexatious litigator. Instead, the statute imposes a pre-filing and pre-records request procedure for those found to be vexatious. Plaintiff and all other vexatious litigators must seek and obtain leave prior to submitting a public records request. The statute does not impose any criminal penalties, and does not, therefore, violate the *Ex Post Facto* Clause of the United States Constitution.

### 5. Ohio Rev. Code § 2323.52 does not violate the Retroactivity Clause of the Ohio Constitution.

Plaintiff's claim that the amendment violates the Retroactivity Clause of the Ohio Constitution, Art. II, § 28, also fails as a matter of law.

The Retroactivity Clause, in short, prohibits the General Assembly from passing retroactive laws. Ohio Constitution, Article II, Section 28. The "clause protects vested rights from new legislative encroachments and nullifies a new statute that creates burdens, duties, obligations or liabilities that did not exist when the statute became effective. A statute that both applies retroactively and is substantive violates this clause." *Pivonka v. Corcoran*, 2020-Ohio-3476, ¶ 27 (citations omitted). *See also Bielat v. Bielat*, 87 Ohio St.3d 350, 353 (2000) ("We emphasize the phrase '*unconstitutionally* retroactive' to confirm that retroactivity itself is not always forbidden by Ohio law. Though the language of Section 28, Article II of the Ohio Constitution provides that the General Assembly 'shall have no power to pass retroactive laws,' Ohio courts have long recognized that there is a crucial distinction between statutes that merely apply retroactively (or

'retrospectively') and those that do so in a manner that offends our Constitution.") (emphasis in original).

The Court must apply two provisions to determine if the amendment to the Vexatious Litigator statute violates the retroactivity clause. First, the rule of statutory construction, adopted in Ohio Rev. Code § 1.48: "A statute is presumed to be prospective in its operation unless expressly made retrospective." The second is a rule of constitutional limitation, imposed in Section 28, Article II of the Ohio Constitution: 'The general assembly shall have no power to pass retroactive laws * * *.'" *Hyle v. Porter*, 2008-Ohio-542, ¶ 7 (citations omitted).

The Ohio Supreme Court applies:

these two provisions in the form of a two-part test to determine whether a statute may be applied retroactively. Under this test, we first ask whether the General Assembly expressly made the statute retroactive. If it did, then we determine whether the statutory restriction is substantive or remedial in nature. The first part of the test determines whether the General Assembly 'expressly made [the statute] retroactive,' as required by R.C. 1.48; the second part determines whether it was empowered to do so.

*Id.*, ¶ 8 (citations omitted). Thus, "[a] retroactive statute is unconstitutional if it retroactively impairs vested substantive rights, but not if it is merely remedial in nature." *Id.*, ¶ 7.

The Ohio General Assembly did not expressly make the amendment to the Vexatious Litigator statute retrospective, nor does it purport to operate retroactively. To be sure, the statute requires consideration of an individual's past conduct when determining whether to declare that individual a vexatious litigator. And it similarly requires consideration of whether an individual has been declared a vexatious litigator when determining whether the individual must seek leave of court prior to initiating or continuing a lawsuit or, now, prior to making a public records request. But the statute only requires judicial leave to request public records *starting on the effective date of Am.H.B. 265.* The amendment to the statute simply does not operate retroactively to prior public

11

records requests or public records requests pending on its effective date. *See Doe v. Ronan*, 2010-Ohio-5072, ¶ 27 (new statute that required a background check and termination of school district employees with a felony conviction did not operate retroactively because it only applied to employment going forward).

Even if the amendment to the Vexatious Litigator statute operated retroactively, it is not unconstitutionally retroactive because it does not extinguish a vested right. "[T]he Retroactivity Clause bars statutes that act prospectively to extinguish preexisting legal rights, but it does not prohibit legislation that merely affect[s] the methods and procedure by which rights are recognized, protected and enforced, [and] not * * * the rights themselves." *Corban v. Chesapeake Exploration, L.L.C.*, 2016-Ohio-5796, ¶ 34 (citations and internal quotation marks omitted).

A substantive law is one that creates duties, rights, and obligations. *Pivonka*, 2020-Ohio-3476, ¶ 27-28 (citations omitted). The nonretroactivity clause does not prohibit remedial laws, which do "not create, remove or affect any rights;" they affect "the methods and procedure by which rights are recognized, protected, and enforced." *Id*. Indeed, "litigants have no right to a particular remedy or procedure, and nothing prohibits the legislature from altering or modifying methods, procedures or remedies as it sees fit." *Id*. *See also Doe*, 2010-Ohio-5072, ¶ 28 (statute requiring termination of school district employees who have been convicted of a felony did not violate the Retroactivity Clause because employees do not have any vested right to continued employment); *State v. Jarvis*, 2021-Ohio-3712 (statute requiring registration in a violent offenders database did not violate the Constitution's Retroactivity Clause because it did not impose additional punishment for conduct that occurred prior to the statute's effective date); *State v. Caldwell*, 2014-Ohio-3566, ¶ 31 (1st Dist.) (statute requiring registration of individuals convicted

of arson does not violate the Retroactivity Clause because such individual does not have "a vested right in not being subject to registration requirements at the time he committed his offense").

The amendment to the Vexatious Litigator statute does not impair any vested right of a vexatious litigator. Even if the right to request records under Ohio's Public Records Act can be considered a "vested right," the amended statute does not impair a vexatious litigator's right to request records. Rather, it "merely affect[s] the methods and procedure by which rights are recognized, protected and enforced, [and] not * * * the rights themselves." *Corban*, 2016-Ohio-5796, ¶ 34. The statute simply specifies a procedure to be followed when a vexatious litigator seeks public records—to seek and obtain leave of court prior to making the records request. This is the same requirement that exists—and has been upheld—for a vexatious litigator to initiate or continue legal proceedings.

This conclusion is consistent with the holdings of courts in other states with similar constitutional retroactivity clauses. For example, in *Campus Communs., Inc. v. Earnhardt*, 821 So.2d 388, 399 (Fla.App. 2002), a Florida appellate court considered the legislature's amendment of that state's public records law to retroactively exempt from disclosure photographs and video and audio recordings from an autopsy. The court concluded that the amendment did not violate the state constitution's retroactivity clause because it did not impair a vested right given that the legislature had the power to amend the public records law:

> [T]he right claimed by [Plaintiff] to view the autopsy photographs is not a 'fixed' right and thus it is not a vested right within the context of the constitutional prohibition against retroactive application of legislation. Rather, it is more akin to 'an expectation based on an anticipation of the continuance of an existing law' with the 'existing law' being the Public Records Act, and the 'anticipation' being the maintenance of the current provisions of the Act unchanged by the Legislature's enactment of exemptions.

*Campus Communs., Inc.*, 821 So.2d at 399. *See also Roberts v. Butterworth*, 668 So.2d 580 (Fla. 1996) (In upholding the "statutory capital collateral litigation work product exemption retroactively to a public records request that pre-dated the effective date of the new exemption," the Florida Supreme Court noted that "the legislative history indicates that the statute is remedial in nature and thus can be applied retroactively.") (citation omitted); *Deal v. Coleman*, 294 Ga. 170, 184 (2013) (holding that because "the right of access afforded by the former [Open Records] Act is a public right of the People as a whole . . . it could not vest in any particular persons, whether upon the making of a request for public records, or upon the filing of an action to enforce the public right") (footnote omitted); *Mississippi Dept. of Corr. v. Roderick & Solange MacArthur Justice Ctr.*, 220 So.3d 9 (Miss. 2017) (holding that an exemption to the state public records act could be constitutionally applied retroactively because "the right to inspect and copy public records is a right subject to divestment by enactment of statutory exemptions by the Legislature," and "the rights provided under the [act] are public rights").

Because the amendment to the Vexatious Litigator statute applies only to public records requests made on or after its effective date, it does not operate retroactively in contravention of Article II, § 28 of the Ohio Constitution. Even if the Court decides that the statute operates retroactively, such operation does not violate § 28 because it is procedural in nature; it does not impair any vested rights. Thus, Plaintiff's claim under the Retroactivity Clause of the Ohio Constitution fails.

### B. Plaintiff fails to show entitlement to injunctive relief.

To obtain a preliminary injunction, Plaintiff must show: (1) he has a strong likelihood of success on the merits; (2) he would suffer irreparable injury absent the injunction; (3) issuance of an injunction would not cause substantial harm to others; and (4) the public interest would be served by issuance of an injunction. *See Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000).

14

Such relief "is an extraordinary and drastic remedy one that should only be awarded upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) (citations omitted).

Plaintiff does not come close to meeting this burden. Plaintiff does nothing more than list the factors the Court must consider and states, with no supporting facts, that he "satisfies" the test. This is wholly insufficient, and the Court should deny Plaintiff's request for injunctive relief.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Ohio Governor Mike DeWine respectfully urges this Court to deny Plaintiff's request for preliminary injunctive relief and dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Heather L. Buchanan*
HEATHER L. BUCHANAN (0083032)*
   *Counsel of Record*
MARK D. TUCKER (0036855)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: (614) 466-2872; Fax: (614) 728-7592
Heather.Buchanan@OhioAGO.gov
Mark.Tucker@OhioAGO.gov

*Counsel for Defendant Ohio Governor Mike DeWine*

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2025, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. A copy has been sent via US Mail to the following:

Charles Tingler
302 East 2nd Street, Apt. B
Defiance, Ohio 43512

*Plaintiff, pro se*

/s/ Heather L. Buchanan
HEATHER L. BUCHANAN
Assistant Attorney General