# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| **Charles Tingler, Plaintiff,** | CASE NO. 2:25-cv-00206 |
| v. | Judge Edmund A. Sargus |
| | Magistrate Judge Kimberly A. Jolson |
| **Governor Mike DeWine, Defendant.** | |

## PLAINTIFF'S RESPONSE TO DEFENDANT GOVERNOR MIKE DEWINE'S MOTION TO DISMISS AND OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Charles Tingler, pro se, respectfully submits this response to Defendant Governor Mike DeWine's Motion to Dismiss and Opposition to Plaintiff's Motion for Preliminary Injunction (Doc. 10). For the reasons set forth below, Plaintiff requests that the Court deny Defendant's motion to dismiss and grant Plaintiff's motion for preliminary injunctive relief.

### I. INTRODUCTION

Plaintiff's Complaint challenges the constitutionality of Ohio Revised Code § 2323.52(J), as amended by House Bill 265 (H.B. 265), effective April 9, 2025, under the First, Fifth, and Fourteenth Amendments to the U.S. Constitution, as well as Article II, Section 28 of the Ohio Constitution. Defendant's motion to dismiss argues that Plaintiff fails to state a claim under Fed. R. Civ. P. 12(b)(6), that prior judicial decisions upholding R.C. § 2323.52 foreclose Plaintiff's claims, and that Plaintiff's request for a preliminary injunction lacks merit. Plaintiff rebuts these arguments, demonstrating that the Complaint alleges sufficient facts to state plausible claims, that the amendment introduces novel constitutional issues not addressed in prior cases, and that Plaintiff satisfies the requirements for preliminary injunctive relief.

### II. RESPONSE TO MOTION TO DISMISS

#### A. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege facts that, accepted as true, state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Pro se pleadings are construed liberally and held to less stringent standards than those drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in Plaintiff's favor. D'Ambrosio v. Marino, 747 F.3d 378, 383 (6th Cir. 2014). Plaintiff's Complaint meets this standard by alleging specific constitutional violations arising from the application of R.C. §

2323.52(J) to his vexatious litigator designation, supported by factual assertions regarding the statute's retroactive application and its impact on his rights (Doc. 2, PageID 37-45).

B. Plaintiff States a Plausible First Amendment Claim

Defendant argues that R.C. § 2323.52(J) does not violate the First Amendment, citing Grundstein v. Ohio, 2006 U.S. Dist. LEXIS 87880 (N.D. Ohio Dec. 5, 2006), and Hall v. Callahan, 727 F.3d 450 (6th Cir. 2013), which upheld restrictions on filing lawsuits under R.C. § 2323.52. However, these cases did not address the novel restriction in R.C. § 2323.52(J)(1), which prohibits vexatious litigators from requesting public records without court leave and a specific order. This restriction burdens Plaintiff's First Amendment right to petition the government, which includes access to public records as a means of gathering information to support legal claims. See McDonald v. Smith, 472 U.S. 479, 483 (1985) (right to petition protects access to government processes).

The Supreme Court has recognized that restrictions on access to information necessary for petitioning implicate First Amendment protections. Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 741 (1983). R.C. § 2323.52(J)(1)'s requirement of court leave and a specific order creates a prior restraint on Plaintiff's ability to gather information, chilling his petition rights. Unlike the lawsuit-filing restrictions in Grundstein and Hall, which allowed meritorious claims, the public records restriction lacks a clear mechanism to ensure non-abusive requests are permitted. The statute's vague "leave to proceed" standard risks arbitrary denials, as evidenced by Plaintiff's prior denial of leave in state court (Doc. 2, PageID 63). This distinguishes R.C. § 2323.52(J) from prior cases, supporting a plausible First Amendment claim.

C. Plaintiff States Plausible Due Process and Equal Protection Claims

Defendant asserts that R.C. § 2323.52(J) does not violate the Fourteenth Amendment's Due Process or Equal Protection Clauses, citing Grundstein and Hall. However, these cases did not address the public records restriction, which imposes a unique burden on Plaintiff's procedural due process rights by requiring court approval before accessing public records—a right guaranteed under R.C. § 149.43. Due process protects access to government processes essential to vindicating legal rights. Boddie v. Connecticut, 401 U.S. 371, 377 (1971). R.C. § 2323.52(J)'s judicial pre-approval requirement creates an unreasonable barrier, particularly for a pro se litigant with limited resources, as alleged in the Complaint (Doc. 2, PageID 42).

On equal protection, Defendant argues that rational basis review applies because pro se litigants are not a suspect class. However, Plaintiff alleges that R.C. § 2323.52(J) disproportionately burdens vexatious litigators, denying equal access to public records without a rational basis (Doc. 2, PageID 44). The statute's blanket restriction, regardless of request merit, is overinclusive and not narrowly tailored to preventing frivolous litigation. See Romer v. Evans, 517 U.S. 620, 631 (1996).

D. Plaintiff States a Plausible Ex Post Facto Claim

Defendant argues that R.C. § 2323.52(J) does not violate the Ex Post Facto Clause because it imposes no criminal penalties, citing Wolfe v. George, 486 F.3d 1120, 1127 (9th Cir. 2007). However, civil laws can violate the Ex Post Facto Clause if they impose punitive burdens retroactively. Smith v. Doe, 538 U.S. 84, 92 (2003). Plaintiff alleges that R.C. § 2323.52(J)'s retroactive application to his 2022 designation imposes new restrictions on public records access, effectively punishing past conduct (Doc. 2, PageID 41). Unlike the non-punitive procedural requirements in Wolfe, this restriction alters Plaintiff's legal status and rights, supporting a plausible ex post facto claim.

E. Plaintiff States a Plausible Ohio Retroactivity Clause Claim

Defendant contends that R.C. § 2323.52(J) does not violate Ohio's Retroactivity Clause, Article II, § 28, because it is not expressly retroactive and does not impair vested rights. However, Plaintiff alleges that H.B. 265 applies retroactively to his 2022 designation, imposing new restrictions on public records access (Doc. 2, PageID 41). Ohio law presumes statutes are prospective unless expressly retroactive. R.C. § 1.48; Van Fossen v. Babcock & Wilcox Co., 36 Ohio St.3d 100, 106 (1988). H.B. 265 lacks an express retroactivity statement, rendering its application to Plaintiff's prior designation unconstitutional. Moreover, access to public records is a substantive right under Ohio law. State ex rel. Beacon Journal Publ'g Co. v. Akron, 104 Ohio St.3d 399, 2004-Ohio-6557, ¶ 23. The statute's procedural overlay does not negate this impairment, supporting a plausible claim.

F. Plaintiff Sufficiently Alleges Defendant's Conduct

Defendant argues that Plaintiff fails to allege specific conduct by Governor DeWine beyond signing H.B. 265. However, under 42 U.S.C. § 1983, state officials can be liable for enforcing unconstitutional laws. Ex parte Young, 209 U.S. 123, 159 (1908). Plaintiff alleges that Defendant, as Governor, is responsible for executing H.B. 265, which violates Plaintiff's constitutional rights through its enforcement (Doc. 2, PageID 42). Defendant's role in signing and implementing the law satisfies the causation requirement for § 1983 liability. See Hafer v. Melo, 502 U.S. 21, 25 (1991). These allegations are sufficient to survive a motion to dismiss.

III. RESPONSE TO OPPOSITION TO PRELIMINARY INJUNCTION

To obtain a preliminary injunction, Plaintiff must show: (1) a strong likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) no substantial harm to others; and (4) public interest in granting the injunction. Leary v. Daeschner, 228 F.3d 729, 736 (6th Cir. 2000). Defendant argues that Plaintiff fails to meet these factors (Doc. 10, PageID 92). Plaintiff rebuts as follows:

A. Likelihood of Success on the Merits

As demonstrated above, Plaintiff's claims are plausible and supported by legal authority. The novel restrictions in R.C. § 2323.52(J) raise constitutional issues not addressed in Grundstein or Hall, particularly regarding public records access. Plaintiff's allegations of retroactivity, due process, and First Amendment violations are likely to succeed given the statute's lack of clear retroactive intent and its burdensome restrictions.

B. Irreparable Injury

Plaintiff faces irreparable harm absent an injunction, as R.C. § 2323.52(J) restricts his ability to request public records, essential for pursuing legal claims. The loss of First Amendment rights constitutes irreparable injury. Elrod v. Burns, 427 U.S. 347, 373 (1976). Plaintiff's pro se status and prior denial of leave in state court (Doc. 2, PageID 63) exacerbate this harm, as he cannot effectively vindicate his rights without access to public records.

C. Balance of Harms

Granting an injunction will not substantially harm Defendant, as it merely prevents enforcement of a potentially unconstitutional provision pending adjudication. Conversely, Plaintiff faces significant harm from continued restrictions on his constitutional rights. The balance tips in Plaintiff's favor. See Connection Distrib. Co. v. Reno, 154 F.3d 281, 288 (6th Cir. 1998).

D. Public Interest

The public interest favors protecting constitutional rights and ensuring access to public records, a cornerstone of transparent governance. See Dayton Area Visually Impaired Persons, Inc. v. Fisher, 70 F.3d 1474, 1490 (6th Cir. 1995). An injunction serves this interest by preventing enforcement of a statute that may unduly restrict these rights.

IV. CONCLUSION

Plaintiff's Complaint states plausible claims under the First, Fifth, and Fourteenth Amendments and Ohio's Retroactivity Clause. The novel restrictions in R.C. § 2323.52(J) distinguish this case from prior decisions, and Plaintiff sufficiently alleges Defendant's role in enforcing the statute. Plaintiff also satisfies the requirements for a preliminary injunction. Accordingly, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss and grant Plaintiff's motion for preliminary injunctive relief.

X: */s/ Tingler*

Charles Tingler, Pro Se

302 East 2nd Street, Apt. B

Defiance, Ohio 43512

Phone: (419) 890-3625

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2025, a copy of the foregoing was sent via U.S. Mail to:

Heather L. Buchanan

Mark D. Tucker

Assistant Attorneys General

Constitutional Offices Section

30 East Broad Street, 16th Floor

Columbus, Ohio 43215

X: *Ctingler*

Charles Tingler