IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Charles Tingler,** | : | |
| | : | |
| *Plaintiff*, | : | CASE NO. 2:25-cv-00206 |
| | : | |
| v. | : | **Judge Edmund A. Sargus** |
| | : | **Magistrate Judge Kimberly A. Jolson** |
| **Governor Mike DeWine, et al.,** | : | |
| | : | |
| *Defendant.* | : | |

**DEFENDANT GOVERNOR MIKE DEWINE'S REPLY MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS**

**I. INTRODUCTION**

Plaintiff's Opposition to Governor DeWine's Motion to Dismiss does nothing to save his defective Complaint. He argues, in the most general terms, that he states "plausible" constitutional claims. But saying so does not make it so and his claims are far from plausible; they are foreclosed as a matter of law. Tingler fails to state a claim for which relief may be granted, and this Court should dismiss this case.

**II. LAW AND ARGUMENT**

    **A. Ohio Rev. Code § 2323.52(J) Does Not Violate the First Amendment**

In opposing the motion to dismiss his First Amendment claim, Tingler first asserts that "[u]nlike the lawsuit-filing restrictions in *Grundstein* [*v. Ohio*, 2006 U.S. Dist. LEXIS 87880 (N.D.Ohio Dec. 5, 2006)] and *Hall* [*v. Callahan*, 727 F.3d 450 (6th Cir. 2013)]," Ohio Rev. Code § 2323.52(J)(1) "creates a prior restraint on [his] ability to gather information, chilling his petition rights." Mem. In Op., EFC No. 11 at PageID 95. That assertion, however, is contrary to the Sixth Circuit's holding that "vexatious conduct is not protected by the First Amendment." *Hall,* 727 F.3d

at 456.  And, in rejecting the First Amendment challenge that Tingler makes here, the *Grundstein* court noted that, although "*the right to petition for a redress of grievance* is a liberty interest safeguarded by the First Amendment . . . ," rights of freedom of speech and freedom of the press." *Grundstein*, 2006 U.S. Dist. LEXIS 87880 at *9 (emphasis added) (citation omitted), "the same is not true" of vexatious conduct. *Id.* at *10 (citation omitted). Imposing a pre-request "leave to proceed" requirement for public records requests no more chills a vexatious litigant's petition rights than a pre-filing "leave to proceed" requirement for filing lawsuits. The statute does not prevent vexatious litigators from seeking public records but merely "establishes a screening mechanism under which the vexatious litigator" can seek leave of a court, "on a case-by-case basis," for a determination that a request for public records is not "abusive or groundless." *Mayer v. Bristow*, 91 Ohio St.3d 3, 14 (2000). Simply, vexatious conduct "does not come within the First Amendment right to petition the government" and "can be regulated by the states." *Grundstein*, 2006 U.S. Dist. LEXIS 87880 at *10 (citations omitted).

The Ohio General Assembly reasonably determined that vexatious conduct includes not only filing harassing and frivolous lawsuits but also making harassing and frivolous public records requests. Harassing, abusive, groundless, or frivolous conduct, including requests for public records that can be characterized as such, is not within the protection of the First Amendment's free speech or right to petition guarantees. *Id.* at *9-12.

Nor is the statute's "leave to proceed" standard "vague" or "risk[] arbitrary denials" as asserted by Tingler . . . ." Mem. In Op., EFC No. 11 at Page ID 95.  Indeed, the statute uses the same "leave to proceed" standard for both filing lawsuits and requesting public records, Ohio Rev. Code § 2323.52(J)(1) ("A person who is subject to an order entered pursuant to division (D)(1) of this section shall not be permitted to request public records from a public office or person

2

responsible for public records without first receiving both leave to proceed from the court of common pleas *as described in this section* and an accompanying order from the court that specifies with particularity what public records the person may request . . . .") (emphasis added), and is the very standard upheld in *Grundstein* and *Hall*.  *See* 2323.52(F)(1) (providing that the court that entered the order finding a person to be a vexatious litigator shall not grant leave to proceed unless it "is satisfied that the proceedings or application are not an abuse of process of the court in question and that there are reasonable grounds for the proceedings or application").  As the court stated in *Hall*, the "leave to proceed" standard does not offend the First Amendment "because it does not prevent vexatious litigators from filing future lawsuits as long as those lawsuits have merit."  *Hall*, 727 F.3d at 457 (citation omitted); *see also Tingler v. Chief Justice Sharon Kennedy,* 2023 U.S. Dist. LEXIS 150960 (S.D.Ohio Aug. 25, 2023) (rejecting Tingler's First Amendment, due process, and equal protection challenges to the statute because "[i]t is well settled that one's Constitutional rights are not violated by being declared a vexatious litigator . . . ."), *Report and Recommendation adopted*, 2023 U.S. Dist. LEXIS 183957 (S.D.Ohio Oct. 12, 2023).  Similarly, the leave to proceed standard does not prevent vexatious litigators from requesting public records if there are reasonable grounds for those requests. Tingler's First Amendment challenge is simply without merit.

      **B.**      **Ohio Rev. Code § 2323.52(J)(2) Does Not Violate the Fourteenth Amendment's Due Process or Equal Protections Clauses.**

Tingler asserts that the *Grundstein* and *Hall* decisions are inapposite to his Fourteenth Amendment due process and equal protection claims because those decisions "did not address the public records restriction," a restriction of "a right guaranteed under" Ohio statute. Mem. in Op., EFC No. 11 at PageID 95. Both courts, however, assessed the lawsuit-filing restriction in the face of the very due process and constitutional provisions at issue here. In resolving those claims, the

3

*Grundstein* court held that (1) the state has "a legitimate, indeed compelling interest in curbing the illegitimate activities of vexatious litigators," (2) the statute is "rationally related to [that] legitimate end[ ]," and (3) the statute "is narrowly tailored to address only the conduct which it seeks to prohibit by providing for a pre-declaration hearing and a mechanism by which even vexatious litigants can file meritorious actions." *Grundstein,* 2006 U.S. Dist. LEXIS 87880 at *17-18 (internal quotation marks and citation omitted). Accordingly, the court concluded that the statute "does not deprive individuals of a constitutionally protected right." *Id.* at *17 (citation omitted).

Those are the very same considerations at issue here. In adding section (J) to Ohio Rev. Code § 2323.52, the Ohio General Assembly recognized that many vexatious lawsuits have their origins in frivolous or harassing requests for public records *See, e.g, State ex rel. Tingler v. Winters,* 2023-Ohio-2791, ¶ 4; *State ex rel. Ware v. Vigluicci,* 2024-Ohio-5492; *State ex rel. Ware v. Sheldon*, 2025-Ohio-1768; *Ferrero v. Statts*, 2018-Ohio-3235 (5th Dist.); *Heck v. Atakpu*, 2024-Ohio-2733 (2d Dist.). Moreover, courts have rejected Tingler's argument that the Ohio vexatious litigator statute "creates an unreasonable barrier, particularly for a pro se litigant with limited resources, as alleged in the Complaint." Mem, in Op., EFC No. 11 at Page ID 95. *See Moran v. Murtaugh Miller Meyer & Nelson, LLP*, 40 Cal.4th 780, 786 (2007) (California's vexatious litigator did not "unconstitutionally discriminates against vexatious litigants of 'modest means'").

As to his equal protection challenge, Tingler asserts that the statute "disproportionately burdens vexatious litigators, denying equal access to public records without a rational basis." Mem. in Op., EFC No. 11 at PageID 95. But case law says otherwise. *See Perotti v. Erdos*, 2019 U.S. Dist. LEXIS 92088 at *11 (S.D.Ohio June 3, 2019) ("The interest of the State of Ohio in enforcing its vexatious litigator statute is strong."). The statute's pre-request "leave to proceed"

4

process only applies to those persons who have been declared vexatious litigators by a court following the statutorily authorized procedure. Moreover, the statute allows such litigators to proceed with their *meritorious* requests, *i.e.*, requests that "are not an abuse of process" and for which "there are reasonable grounds for the proceedings or application." Ohio Rev. Code § 2323.52(F)(1). Accordingly, the statute's "procedure is properly tailored to prevent further abuse . . . without unduly burdening the submission of legitimate" requests. *Mayer*, 91 Ohio St.3d at 14.

Finally, although Tingler does not openly assert that strict scrutiny applies to his equal protection challenge, he nevertheless implies that this case involves a "suspect class"—not of *pro se* litigators, which courts have overwhelming held do not constitute a suspect class—but of "vexatious litigators." Mem. in Op., EFC No. 11 at Page ID 95. But courts have uniformly rejected this assertion, as well. *Wolfe v. George*, 486 F.3d 1120, 1126 (9th Cir. 2007) ("A state can rationally distinguish litigants who sue and lose often, sue the same people for the same thing after they have lost, and so on, from other litigants.") (emphasis added); *Brosnan v. Newsom*, 2025 U.S. Dist. LEXIS 7405 at *7 (E.D.Cal. Jan. 14, 20225) (same); *Muller v. Tanner*, 2 Cal.App.3d 445, 453 (1969) ('[T]he classification of persons to whom the [vexatious litigator] statute applies, and the terms imposed are reasonable."); *Moran*, 40 Cal.4th at 786 (rejecting argument that vexatious litigator statute "unconstitutionally discriminates against vexatious litigants of 'modest means'"); *Caron v. California State Bd. of Pharmacy*, 2022 Cal. App. Unpub. LEXIS 6890 at *27 (Nov. 15, 2022) (same).

The statute does not prevent vexatious litigators from requesting public records; it merely imposes a requirement that they seek leave prior to making a request for public records. Preventing harassing, abusive, groundless, or frivolous conduct is a legitimate state interest, and the

5

established mechanism of seeking court leave is both rationally related to that interest and narrowly tailored to address only such conduct. *Grundstein,* 2006 U.S. Dist. LEXIS 87880 at *17-18. Tingler does not successfully show otherwise.

      **C.    Ohio Rev. Code § 2323.52(J) Does Not Violate the *Ex Post Facto* Clause of the United States Constitution.**

Tingler's claim that Ohio Rev. Code § 2323.52(J)(2) violates the *Ex Post Facto* clause of the United States Constitution also fails as a matter of law. While Tingler seems to acknowledge that the *Ex Post Facto Clause* applies only to statutes that impose criminal penalties, he argues that "civil laws can violate the Ex Post Facto Clause if they impose punitive burdens retroactively." Mem. in Op., EFC No. 11 at PageID 96. But as with Tingler's other claims, clear authority says otherwise. *See Wolfe*, 486 F.3d at 1127. *See also Pierce v. Cantil-Sakauye*, 2013 U.S. Dist. LEXIS 114406 at *20 (N.D.Cal. Aug. 13, 2013), *aff'd*, 628 Fed.Appx. 548 (9th Cir. 2016); *Cunningham v. Mahoney*, 2010 U.S. Dist. LEXIS 157261 at *10 (N.D.Cal. Dec 7, 2010), and only the "clearest proof" will transform a civil remedy into a criminal penalty. *Smith v. Doe*, 538 U.S. 84, 92 (2003). The statute does not impose criminal penalties against Tingler or any other vexatious litigator and is not "so punitive in or effect" to constitute a criminal penalty. *Smith*, 538 U.S. at 92. It does not, therefore, violate the *Ex Post Facto* Clause of the United States Constitution.

      **D.    Ohio Rev. Code § 2323.52 Does Not Violate the Retroactivity Clause of the Ohio Constitution.**

With no analysis, Tingler simply asserts that Ohio Rev. Code § 2323.52(J)(2) "lacks an express retroactivity statement, rendering its application to Plaintiff's prior designation [as a vexatious litigator] unconstitutional" in violation of the retroactivity clause of the Ohio Constitution, Art. II, § 28. Mem. in Op., EFC No. 11 at PageID 96. Tingler completely ignores that the statute does not operate retroactively—it applies only to public records requests going

forward. Although the statute requires consideration of an individual's past conduct when determining whether to declare that individual a vexatious litigator and is required to seek leave prior to initiating or continuing a lawsuit or making a public records request, it only requires such leave to request public records *starting on the effective date of Am.H.B. 265*. The amendment to the statute simply does not operate retroactively to prior public records requests or public records requests pending on its effective date. *See Doe v. Ronan*, 2010-Ohio-5072, ¶ 27 (new statute that required a background check and termination of school district employees with a felony conviction did not operate retroactively because it only applied to employment going forward).

Even if Ohio Rev. Code § 2323.52(J) is considered retroactive in operation, it is not *unconstitutionally* retroactive. *See, e.g., Bielat v. Bielat*, 87 Ohio St.3d 350, 353 (2000) ("We emphasize the phrase '*unconstitutionally* retroactive' to confirm that retroactivity itself is not always forbidden by Ohio law. * * * Ohio courts have long recognized that there is a crucial distinction between statutes that merely apply retroactively (or 'retrospectively') and those that do so in a manner that offends our Constitution.") (emphasis in original). Ohio Rev. Code § 2323.52(J) does not impair any vested right of a vexatious litigator. Any right to inspect or copy public records is created through Ohio's Public Records Act; there is not a vested, constitutional right to public records.

Even if the right to request public records is a "vested right," the amended statute does not impair a vexatious litigator's right to request records. Rather, it "merely affect[s] the methods and procedure by which rights are recognized, protected and enforced, [and] not * * * the rights themselves." *Corban*, 2016-Ohio-5796, ¶ 34. The statute sets out a procedure that vexatious litigators must follow when seeking public records—to seek and obtain leave of court prior to making the records request.

7

### III. CONCLUSION

For the foregoing reasons, Defendant Governor Mike DeWine respectfully urges this Court to dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Heather L. Buchanan*
HEATHER L. BUCHANAN (0083032)*
  *Counsel of Record*
MARK D. TUCKER (0036855)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: (614) 466-2872; Fax: (614) 728-7592
Heather.Buchanan@OhioAGO.gov
Mark.Tucker@OhioAGO.gov

*Counsel for Defendant Governor Mike DeWine*

8

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2025, the foregoing was filed electronically. Notice of this filing will be sent via US Mail to the following:

Charles Tingler
302 East 2nd Street, Apartment B
Columbus, Ohio 43215

*Plaintiff, pro se*

                                                  */s/ Heather L. Buchanan*
                                                  HEATHER L. BUCHANAN
                                                  Assistant Attorney General