UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHARLES TINGLER,**

    **Plaintiff,**

    v.                                       Case Number 2:25-cv-206
                                                       JUDGE EDMUND A. SARGUS, JR.
**GOVERNOR MIKE DEWINE,** *et al.*,     Magistrate Judge Kimberly A. Jolson

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant Governor Mike DeWine's Motion to Dismiss and Opposition to Plaintiff Charles Tingler's Motion for Preliminary Injunction. (ECF No. 10.) Plaintiff responded in opposition (ECF No. 11) and Defendant replied in support (ECF No. 12). For the reasons set forth below, the Court **GRANTS** Defendant's Motion to Dismiss. (ECF No. 10.)

## BACKGROUND

On April 9, 2025, amendments to Ohio's vexatious litigator statute took effect. Sub. H.B. No. 265 § 2323.52(J), 135th G.A. (Ohio 2025). The amendments were enacted through House Bill 265 and are codified at Ohio Revised Code § 2323.52(J). Ohio Revised Code § 2323.52(J) now requires a person who has been declared a vexatious litigator under the statute to obtain permission from a court of common pleas before requesting public records. Ohio Rev. Code § 2323.52(J)(1). The court of common pleas must specify which public records the vexatious litigator may request. *Id.* In addition, if a public office or person responsible for public records receives an anonymous records request from someone they reasonably suspect to be a vexatious

litigator, that office or person may require an acceptable form of identification prior to responding to the request. Ohio Rev. Code § 2323.52(J)(2).

In March 2025, Mr. Tingler initiated this lawsuit, *pro se*, against Ohio Governor Mike DeWine; Ohio state representatives Scott Wiggam and Thomas Hall; and Ohio state senators Nickie J. Antonio, Jerry C. Cirino, Hearcel F. Craig, Al Landis, Nathan H. Manning, Bill Reineke, and Kent Smith. (ECF No. 2.) Mr. Tingler was declared a vexatious litigator by an Ohio court of common pleas pursuant to Ohio Rev. Code § 2323.52 in September 2022 and by the Ohio Supreme Court pursuant to Ohio Supreme Court Practice Rule 4.03(B) in March 2023. (ECF No. 2, PageID 39–41); *State ex rel. Tingler v. Franklin Cnty. Prosecutor's Off.*, 204 N.E.3d 552 (Table) (Ohio 2023).

In this case, Mr. Tingler seeks a declaratory judgment stating that the provisions of Ohio Revised Code § 2323.52 enacted in April 2025 through House Bill 265 are unconstitutional under the First, Fifth, and Fourteenth Amendments to the United States Constitution and under Article II, Section 28 of the Ohio Constitution. (ECF No. 2.) He also requests preliminary and permanent injunctive relief prohibiting Defendants from enforcing the allegedly unconstitutional statutory provisions. (*Id.*)

In an earlier Order, this Court adopted the Magistrate Judge's Report and Recommendation and dismissed Mr. Tingler's claims against Defendants Wiggam, Hall, Antonio, Cirino, Craig, Landis, Manning, Reineke, and Smith because state legislators are entitled to immunity for actions taken in their legislative capacity. (ECF No. 9.) Thus, Governor DeWine is the only defendant remaining in this case. Governor DeWine now moves to dismiss the claims asserted against him. (ECF No. 10.)

**LEGAL STANDARD**

To state a claim upon which relief may be granted, plaintiffs must satisfy the pleading requirements set forth in Rule 8(a), which requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (clarifying the plausibility standard from *Twombly*, 550 U.S. at 556). Furthermore, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, '[the court is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be construed liberally." *Garrett v. Belmont Cnty. Sherriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Still, "a *pro se* pleading must provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

**ANALYSIS**

I.  **First Amendment to the United States Constitution**

Mr. Tingler alleges that Ohio Revised Code § 2323.52(J) violates the First Amendment to the United States Constitution because it impairs his access to public records and restricts his

3

right to petition the government for redress. (ECF No. 2, PageID 37.) Defendant argues that the statute does not violate the First Amendment and, instead, imposes a lawful screening mechanism on vexatious litigators' access to public records. (ECF No. 10, PageID 83–85.)

Courts have rejected First Amendment claims in an analogous context. Ohio Revised Code § 2323.52(D) permits courts to require individuals who have been declared vexatious litigators to obtain leave before filing a lawsuit. Courts, including the Sixth Circuit, have upheld that restriction because it regulates sham litigation, which is not protected by the First Amendment, and does not bar vexatious litigators from filing lawsuits altogether. *Grundstein v. Ohio*, No. 1:06 CV 2381, 2006 WL 3499990, at *3–5 (N.D. Ohio Dec. 5, 2006) (Gaughan, J.); *Hall v. Callahan*, 727 F.3d 450, 456–57 (6th Cir. 2013). Mr. Tingler argues that *Grundstein* and *Hall* are inapplicable because those cases did not address the public records restriction at issue in this case. (ECF No. 11, PageID 95.) But the public records restrictions on vexatious litigators are substantially similar to the restrictions analyzed in *Grundstein* and *Hall*, so those cases are instructive here.

Ohio Revised Code § 2323.52(J) imposes restrictions on individuals who have been declared vexatious litigators, but does not prevent them from requesting public records if there are reasonable grounds for their requests. In other words, Ohio Revised Code § 2323.52(J) regulates the filing of meritless public records requests, which is not speech or conduct protected by the First Amendment, but does not ban the filing of meritorious public records requests. *Hall*, 727 F.3d at 456 ("[V]exatious conduct is not protected by the First Amendment."); *Grundstein*, 2006 WL 3499990, at *4–5. Thus, for the same reasons that the restrictions in Ohio Revised Code § 2323.52(D) do not violate the First Amendment—namely, they are not aimed at constitutionally protected speech and do not ban meritorious conduct—neither do the restrictions

4

in Ohio Revised Code § 2323.52(J). *Grundstein*, 2006 WL 3499990, at *4–5; *Hall*, 727 F.3d at 456–57 ("[C]onstitutionally protected speech is not banned by the Statute because it does not prevent vexatious litigators from filing future lawsuits as long as those lawsuits have merit.").

Mr. Tingler also claims that "the public records restriction lacks a clear mechanism to ensure non-abusive requests are permitted." (ECF No. 11, PageID 95.) Ohio Revised Code § 2323.52(J)(1) states that vexatious litigators must obtain "leave to proceed from the court of common pleas as described in this section." This leave-to-proceed standard comes from Ohio Revised Code § 2323.52(F), which provides that leave to proceed is not permitted unless the court is "satisfied that the proceedings or application are not an abuse of process of the court in question and that there are reasonable grounds for the proceedings or application." Ohio Revised Code § 2323.52(J) uses a standard that has already been upheld as constitutional, *see Grundstein*, 2006 WL 3499990, at *4–5, and this Court see no reason to depart from that decision.

## II. Fourteenth Amendment to the United States Constitution

Mr. Tingler claims that Ohio Revised Code § 2323.52(J) violates the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution. (ECF No. 2, PageID 37.) Defendant argues that Mr. Tingler's Fourteenth Amendment claim should be dismissed because the state of Ohio has a legitimate interest in preventing harassing, abusive, groundless, or frivolous conduct and requiring vexatious litigators to obtain court approval before accessing public records is rationally related to that interest and narrowly tailored to address such conduct. (ECF No. 10, PageID 85–86.) In response, Mr. Tingler contends that Ohio Revised Code § 2323.52(J) violates the Due Process clause by requiring him to obtain court approval before accessing public records and violates the Equal Protection clause by disproportionately burdening vexatious litigators without a rational basis for doing so. (ECF No.

5

11, PageID 95.) Mr. Tingler also claims that Ohio Revised Code § 2323.52(J) is overinclusive and not narrowly tailored to prevent frivolous litigation. (*Id.*)

In relevant part, the Fourteenth Amendment provides: "No State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Courts have consistently rejected due process and equal protection challenges to Ohio Revised Code § 2323.52(D), which as discussed above, is analogous to Ohio Revised Code § 2323.52(J). *See, e.g.*, *Hall*, 727 F.3d at 457; *Grundstein*, 2006 WL 3499990, at *6–7; *Helfrich v. Ohio*, No. 2:15-CV-1646, 2016 WL 759836, at *3 (S.D. Ohio Feb. 16, 2016) (Marbley, J.).

With respect to due process, Mr. Tingler does not specify in his Complaint whether he brings a procedural due process claim or a substantive due process claim. To succeed on either type of claim, Mr. Tingler must "establish the existence of a constitutionally protected life, liberty, or property interest." *Doe v. Ohio State Univ.*, 239 F. Supp. 3d 1048, 1074 (S.D. Ohio 2017) (Smith, J.). However, courts have previously held that Ohio Revised Code § 2323.52, which regulates the filing of frivolous and harassing lawsuits and allows courts to require vexatious litigators to obtain leave before filing a lawsuit, "does not deprive individuals of a constitutionally protected right." *See Grundstein*, 2006 WL 3499990, at *6; *Hall*, 727 F.3d at 457. Likewise, this Court holds that Ohio Revised Code § 2323.52(J), which imposes similar restrictions on vexatious litigators' ability to request public records, does not deprive them of a constitutionally protected right and does not violate the Due Process clause.

Now the Court turns to Mr. Tingler's equal protection claim. "The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any

6

rational basis for the difference." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681–82 (6th Cir. 2011) (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005)). The *Grundstein* court explained that "[p]ro se litigants are not a suspect class and there is no fundamental right under the constitution to file frivolous lawsuits." 2006 WL 3499990, at *7. Therefore, the court applied a rational basis level of scrutiny and rejected the plaintiff's equal protection argument. *Id.* Specifically, the *Grundstein* court recognized that the state has "a legitimate, indeed compelling interest in curbing the illegitimate activities of vexatious litigators" and explained that the leave-to-file requirement in Ohio Revised Code § 2323.52(D) is "rationally related to [that] legitimate end" and "narrowly tailored to address only the conduct which it seeks to prohibit." 2006 WL 3499990, at *6 (quoting *Mayer v. Bristow*, 740 N.E.2d 656, 665 (Ohio 2000)). This line of reasoning applies here, too.

Ohio Revised Code § 2323.52(J) restricts vexatious litigators, who are not a suspect class, from filing frivolous public records requests, which is not a fundamental right. Accordingly, rational basis review applies, and the Court concludes that requiring vexatious litigators to obtain leave from a court of common pleas before filing a public records request is rationally related to the state's legitimate interest in preventing harassing, abusive, groundless, or frivolous conduct and narrowly tailored to address that conduct.

### III.    *Ex Post Facto* Clause of the United States Constitution

Mr. Tingler briefly alleges that Ohio Revised Code § 2323.52(J) violates the *Ex Post Facto* protections of the United States Constitution.[1] (ECF No. 2, PageID 37–38.) Defendant

---

[1] In his Complaint, Mr. Tingler cites to Article I, § 9 of the United States Constitution, which prohibits Congress from passing ex post facto laws. (ECF No. 2, PageID 38.) The Court assumes Mr. Tingler meant to refer to Article I, § 10 of the United States Constitution, which prohibits states from passing ex post facto laws.

argues that Ohio Revised Code § 2323.52(J) does not violate the *Ex Post Facto* clause because it does not impose criminal penalties and is not so punitive as to constitute a criminal penalty. (ECF No. 10, PageID 86–87; ECF No. 12, PageID 105.) Plaintiff contends that the statute punishes past conduct by imposing new restrictions on vexatious litigators' ability to access public records, which violates the *Ex Post Facto* clause. (ECF No. 11, PageID 96.)

The United States Constitution prohibits states from imposing ex post facto laws. U.S. Const. Art I, § 10, cl. 1 ("No state shall . . . pass any . . . ex post facto Law."). When considering whether a law violates the *Ex Post Facto* clause, the relevant inquiry is whether a legislative change "alters the definition of criminal conduct or increases the penalty by which the crime is punishable," not whether it "produces some ambiguous sort of 'disadvantage.'" *Doe v. Bredesen*, 507 F.3d 998, 1003 (6th Cir. 2007) (quoting *Dyer v. Bowlen*, 465 F.3d 280, 289 (6th Cir. 2006)). If the legislature's intention "was to enact a regulatory scheme that is civil and nonpunitive," courts "examine whether the statutory scheme is so punitive either in purpose or effect as to negate [the State's] intention' to deem it 'civil.'" *Id.* (quoting *Kansas v. Hendricks*, 521 U.S. 346, 361 (1997)).

Here, Ohio Revised Code § 2323.52(J) is a civil law that requires vexatious litigators to seek and obtain leave before submitting a public records request. It does not impose criminal penalties and is not so punitive in purpose or effect as to negate the State's intention to deem the law civil. *See, e.g.*, *Wolfe v. George*, 486 F.3d 1120, 1127 (9th Cir. 2007) ("The Ex Post Facto Clause[] do[es] not apply because the vexatious litigant statute does not impose criminal penalties."); *Pierce v. Cantil-Sakauye*, No. C 13-01295 JSW, 2013 WL 4382735, at *7 (N.D. Cal. Aug. 13, 2013) (rejecting *Ex Post Facto* challenge to vexatious litigant statute). Ohio

8

Revised Code § 2323.52(J) does not violate the *Ex Post Facto* protections of the United States Constitution.

## IV. Ohio Constitution (Article II, Section 28)

In addition to his federal constitutional claims, Mr. Tingler brings a claim under Article II, Section 28 of the Ohio Constitution, which prohibits the Ohio General Assembly from passing retroactive laws. (ECF No. 2, PageID 36–37.) A federal court may exercise supplemental jurisdiction over state-law claims that constitute part of the same case or controversy as the claim over which the court has original jurisdiction. 28 U.S.C. § 1367. But a district court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it had original federal jurisdiction. *Id.* § 1367(c)(3).

"In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). But "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384–85 (6th Cir. 2003)); *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("[A] federal court that has dismissed a plantiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims.").

Herein, the Court dismisses the claims over which it had original federal jurisdiction. Mr. Tingler's state-law claim does not implicate significant federal interests warranting the exercise of federal jurisdiction. The values of economy, convenience, fairness, and comity combine to make it inappropriate for this Court to exercise jurisdiction over Mr. Tingler's remaining claim.

The Court therefore declines to "needlessly decid[e] state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). Since the Court declines to exercise supplemental jurisdiction, Mr. Tingler's claim based on Article II, Section 28 of the Ohio Constitution is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).

**V.      Injunctive Relief**

Because the Court dismisses all claims in this case, the Court **DENIES AS MOOT** the request for injunctive relief set forth in Mr. Tingler's Complaint. (ECF No. 2, PageID 37–38.)

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** (ECF No. 10) Defendant Governor Mike DeWine's Motion to Dismiss. The Court **DISMISSES WITH PREJUDICE** Mr. Tingler's federal claims and **DISMISSES WITHOUT PREJUDICE** Mr. Tingler's state-law claim. The Court **DENIES AS MOOT** Mr. Tingler's request for injunctive relief.

The Clerk is **DIRECTED** to enter judgment, close this case on the Court's docket, and mail a copy of this Opinion and Order to Plaintiff Charles Tingler at 302 E. 2nd Street, Apt. B, Defiance, OH 43512.

**IT IS SO ORDERED.**

**2/25/2026**            s/Edmund A. Sargus, Jr.
**DATE**                 **EDMUND A. SARGUS, JR.**
                         **UNITED STATES DISTRICT JUDGE**